IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW L. LEBER, individually and as nominated Executor of the Estate of Beth Ann Lee, pending appointment by the New York Surrogate's Court, and BRUCE LEE, | 8:25-CV-401 |
| Plaintiffs, | ORDER |
| vs. | |
| BRYAN MEDICAL CENTER, et al., | |
| Defendants. | |

This matter is before the Court on its own motion following several filings from the *pro se* plaintiffs in this case.

ABILITY TO PROCEED *PRO SE*

The first and most important is the initial complaint, which was signed by one but not both of the purported plaintiffs. Filing 1 at 38. Matthew Leber signed the complaint in his capacity as a "nominated Executor" of the decedent's estate in this wrongful death action "and individually." Filing 1 at 38. A signature line appears for "Bruce Lee, Pro Se Plaintiff, by and through Matthew F. Leber," but no signature accompanies it. Filing 1 at 38.

There are a number of problems with that. The first is that under Nebraska law, a *pro se* party may not represent the interests of an estate. *Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 618 (Neb. 2017). A wrongful death action may be pursued only by the decedent's personal representative. Neb. Rev. Stat. § 30-810. So too for survival actions—that is, claims based on rights of action possessed by the decedent before her death. *See In re Est. of Panec,*

864 N.W.2d 219, 226 (Neb. 2015). And a personal representative must be represented by a person licensed or otherwise authorized to practice law in Nebraska. *Kelly*, 889 N.W.2d at 618. The same is true for the estate's federal claims: The non-attorney administrator of an estate may not proceed *pro se* when there are other beneficiaries or creditors of the estate. *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951 (8th Cir. 2005). And there are. *See* filing 1 at 107; *see also* § 30-810.

In sum, to the extent that the claims asserted by the plaintiffs are wrongful death or survival claims, they can only be brought by the decedent's estate, and the decedent's estate must be represented by a lawyer.

But that's not the only problem. Lee is named as a party, but he didn't sign the complaint. And Leber can't represent Lee either. While *pro se* parties have an absolute right to represent themselves, they may not represent the interests of other parties. *See* 28 U.S.C. § 1654. Even if Leber holds Lee's power of attorney, he may not practice law. *See Reese v. Sherburne Cnty. Det. Ctr.*, No. 19-CV-1975, 2020 WL 4593803, at *2 (D. Minn. Aug. 11, 2020). And Fed. R. Civ. P. 11(a) requires that all *pro se* parties to a case sign every pleading, written motion, and other paper that they submit to the court. *United States v. Brenton*, No. 04-CR-262, 2007 WL 3124539, at *1-2 (D. Neb. Oct. 23, 2007). Accordingly, on the pleadings as filed, Lee is not a proper plaintiff in this case.

The Court's review of the complaint reveals only one claim that might be sustainable by Leber as a *pro se* party—a claim for intentional infliction of emotional distress alleged on his own behalf. Filing 1 at 30-31.[1] The plaintiffs' other claims are subject to dismissal. *See Jones*, 401 F.3d at 952.

---

[1] Whether Leber's allegations meet the demanding standard for such claims under Nebraska law, *see Anderson v. Nebraska*, No. 4:17-CV-3073, 2018 WL 3009115, at *13-15 (D. Neb. June 15, 2018), is a question the Court need not address yet.

PERMISSION TO FILE ELECTRONICALLY

Leber has filed a motion for permission to file electronically using CM/ECF. Such requests are routinely granted, but not by the Court—they're handled administratively by the Clerk's Office through PACER registration. *See* NEGenR 1.3(b). The Clerk has already contacted Leber with instructions on how to register. Accordingly, Leber's motion is moot.

"MEMORANDUM OF LAW"

Next, the plaintiffs have filed a "Memorandum of Law in Support of Plaintiffs' Claim under 42 U.S.C. § 1983" (filing 2), which intertwines allegations of fact and legal argument supporting the plaintiffs' claims. But a "memorandum" in support of a complaint isn't a pleading recognized by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 7(a).

This Court has, however, liberally construed filings by *pro se* parties as supplements to the original pleading. *See* NECivR 15.1(b). In lieu of striking the plaintiffs' memorandum (filing 2), the Court will consider it together with the complaint (filing 1) as the plaintiffs' operative pleading.

MOTION FOR PARTIAL SUMMARY JUDGMENT

The plaintiffs have also filed a motion for summary judgment. Of course, summary judgment would be inappropriate given the substantial concerns the Court has about the plaintiffs' standing to maintain most or all of these claims, as discussed above. But that's not the only problem.

The defendants have not yet been served, much less appeared or filed a responsive pleading or motion. As a general rule, summary judgment is proper only after the nonmovant has had adequate time for discovery. *Hamilton v. Bangs, McCullen, Butler, Foye & Simmons, L.L.P.*, 687 F.3d 1045, 1049-50 (8th Cir. 2012). And the defendants are also entitled to a meaningful opportunity

- 3 -

to assert defenses as provided by Fed. R. Civ. P. 8(b) and (c) and Fed. R. Civ. P. 12. In addition, the plaintiffs' motion is unsupported by the separate statement of material facts required by this Court's local rules. *See* NECivR 56.1(a). Pursuant to those rules, "[f]ailure to submit a statement of material facts may be grounds to deny the motion." NECivR 56.1(a)(1).

Accordingly, the plaintiffs' motion for summary judgment will be denied without prejudice to reassertion after sufficient time for discovery and case progression, should the case progress.[2]

IT IS ORDERED:

1.    On or before July 18, 2025, absent an appearance by licensed counsel for the plaintiffs, Matthew Leber shall show cause why any wrongful death or survival claims belonging to the decedent's estate should not be dismissed.

2.    The Clerk of the Court shall set a show cause deadline for July 18, 2025.

3.    The Clerk of the Court is directed to strike Bruce Lee as a party to this case.

---

[2] The plaintiffs filed a separate "Notice of Motion for Partial Summary Judgment" (filing 5), which appears to be mostly if not entirely redundant. But neither the Federal Rules of Civil Procedure nor this Court's local rules require any sort of separate notice. *See* Rule 7; NECivR 7.1; *cf.* Rule 7 advisory committee's note to 2007 amendment.

4.    Leber's motion for permission to file electronically (filing 3) is denied as moot.

5.    The plaintiffs' motion for partial summary judgment (filing 4) is denied without prejudice.

Dated this 18th day of June, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge