IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW L. LEBER, individually and as nominated Executor of the Estate of Beth Ann Lee, pending appointment by the New York Surrogate's Court,<br><br>Plaintiff,<br><br>vs.<br><br>BRYAN MEDICAL CENTER, et al.,<br><br>Defendants. | 8:25-CV-401<br><br>ORDER |

    In its order of June 18, 2025 (filing 10), the Court ordered plaintiff Matthew Leber to show cause why the wrongful death or survival claims belonging to the decedent's estate in this case should not be dismissed because a *pro se* party may not represent the interests of an estate. The Court's show cause deadline has passed, and the Court finds cause has not been shown.

    Leber did not directly respond to the order to show cause. Instead, he filed a "Motion to Amend" that, to the Court, appears to be a first amended complaint. Filing 11. And Leber was entitled to amend his pleading once as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Accordingly, the Court construes filing 11 as the operative pleading, and will direct the Clerk of the Court to correct the docket entry to reflect that.

    Unfortunately, while the amended complaint helpfully omits Bruce Lee as a co-plaintiff, it doesn't cure any of the other problems identified by the Court's order to show cause—that is, the bulk of the claims presented belong exclusively to the decedent's estate, and cannot be brought by Leber acting *pro se*. *See* filing 11, *passim*. The complaint lists the claims it asserts:

1. Section 504 of the Rehabilitation Act of 1973,
2. Title II of the Americans with Disabilities Act (ADA),
3. The Medicare Act,
4. 42 U.S.C. § 1983, and
5. Nebraska state law claims for
    a. medical malpractice,
    b. wrongful death,
    c. intentional infliction of emotional distress,
    d. negligent infliction of emotional distress,
    e. fraudulent misrepresentation by commission, and
    f. fraudulent misrepresentation by omission.

Filing 11 at 3. But the federal law claims all belong to the decedent or her estate, to the extent that they survived her death or are cognizable at all.[1] The state law claims fare a little better, but not much. Even reading the operative complaint broadly, the only claims for injury suffered by Leber in an individual capacity are his claims for intentional and negligent infliction of emotional distress.[2] Filing 11 at 23-24. And Leber—despite being notified of that problem

---

[1] It is, for instance, debatable whether the Medicare Act provides a private right of action. *See Medina v. Planned Parenthood S. Atl.,* 145 S. Ct. 2219, 2237 (2025). Whether Bryan Medical Center is a state actor for purposes of 42 U.S.C. § 1983 is also questionable. *See Robinson v. Dr. Castleman,* No. 8:23-CV-451, 2025 WL 1994010, at *4 (D. Neb. July 17, 2025). Leber's "supplemental memorandum" (filing 13)—which the Court *again* notes isn't something the Federal Rules of Civil Procedure recognizes, *see* filing 10 at 3—does little to satisfactorily answer that question.

[2] The Court again emphasizes that it has made no findings as to whether those claims have been sufficiently pled under Nebraska law. *See Anderson v. Nebraska,* No. 4:17-CV-3073, 2018 WL 3009115, at *13-15 (D. Neb. June 15, 2018) (citing *Catron v. Lewis,* 712 N.W.2d 245 (Neb. 2006); *Hamilton v. Nestor,* 659 N.W.2d 321 (Neb. 2003); *Sell v. Mary Lanning Mem'l*

by the Court's order to show cause, filing 10 at 2—has offered no argument to the contrary.

Instead, Leber has asked the Court to appoint counsel for him pursuant to 28 U.S.C. § 1915(e)(1). Filing 12. But he doesn't claim indigence—instead, he forwards the novel argument that the Court may appoint counsel pursuant to § 1915(e)(1) regardless of indigence. Filing 12 at 1. He cites, among other cases, *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993), for the proposition that "Courts have consistently held that § 1915(e)(1) applies not only where a litigant is financially indigent, but also where litigants are functionally unable to obtain competent representation due to the structural complexity, novelty, or hybrid nature of their claims." Filing 12 at 2 (citing *Tabron*, 6 F.3d at 156).

Of course, *Tabron* says no such thing. Section 1915(e)(1) is quite specific: "The court may request an attorney to represent any person *unable to afford counsel*." (Emphasis supplied.) *Tabron* reflects that specificity, setting forth criteria for ascertaining the circumstances "under which counsel may be appointed *for an indigent litigant in a civil case*." 6 F.3d at 155 (emphasis supplied). The other cases Leber cites provide no more support for his argument. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (under § 1915, "which pertains to proceedings in forma pauperis," the court may appoint counsel for "any such person unable to employ counsel"); *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (same); *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991) (plaintiff assigning error to refusal to appoint counsel "must demonstrate that he was indigent").

Instead, what courts—including the Eighth Circuit—*have* consistently held is that appointment of counsel is only appropriate under § 1915 if the plaintiff is indigent. *See*, *e.g. Sears, Roebuck and Co. v. Charles W. Sears Real*

*Hosp. Ass'n*, 498 N.W.2d 522 (Neb. 1993); *Andreasen v. Gomes*, 504 N.W.2d 539 (Neb. 1993), *overruled on other grounds by*, *Darrah v. Bryan Mem'l Hosp.*, 571 N.W.2d 783 (Neb. 1998)).

*Est., Inc.*, 865 F.2d 22, 23 (2d Cir. 1988) ("it is clear that the statute only allows appointment where a litigant is indigent"); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000) (eligibility for *in forma pauperis* status and appointment of counsel must be based on plaintiff's financial status); *In re Smith*, 600 F.2d 714, 715 (8th Cir. 1979) (§ 1915 "is designed to enable impecunious persons to present their claims in federal court"). Section 1915 does not require a litigant to demonstrate absolute destitution. *Lee*, 231 F.3d at 459; *Smith*, 600 F.2d at 715. But it requires something.[3] *See id*.

And there's another problem. Although Leber also seems to want counsel appointed to represent him in his individual capacity, the key issue at this point is whether counsel can be provided for the decedent's estate. But it's well-settled that a "person" for purposes of § 1915 is a *natural* person—that is, an individual human being, not a juridical entity such as a corporation or an estate. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201 (1993); *see also In re Est. of Van Putten*, 553 F. App'x 328 (4th Cir. 2014) (estate cannot proceed *in forma pauperis* under § 1915); *Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009) (same); *Climate Change Truth, Inc. v. Shipley*, No. 22-CV-663, 2022 WL 1443244, at *3 (D. Or. May 6, 2022) (nonprofit corporation cannot proceed *in forma pauperis* or be appointed *pro bono* counsel); *Centro de Contacto Avanzado, S.A. de C.V. v. Grupo Televisa, S.A.B.*, No. 22-CV-151, 2022 WL 2761376, at *2 (W.D. Tex. Apr. 5, 2022) (foreign corporation could not proceed *in forma pauperis* or be appointed counsel under § 1915); *Alex Garcia Enters., Inc. v. Orlando Sentinel*, No. 14-CV-529, 2014 WL 12872609, at *1-2 (M.D. Fla. Apr. 17, 2014) (Ronald Satish

---

[3] And so does the Court's Amended Plan for the Administration of the Federal Practice Fund and the Federal Practice Committee, § II(A)(1)(a), which provides the source of funds for the Court to compensate appointed counsel in a civil case "for *indigent* pro se civil litigants." (Emphasis supplied.) *See* NEGenR 1.7(f).

- 4 -

Emrit a/k/a "Satish Dat Beast" could not represent corporation *pro se* nor could counsel be appointed under § 1915); *Murakush Caliphate of Amexem Inc. v. New Jersey*, 790 F. Supp. 2d 241, 265 (D.N.J. 2011) (juridical entity never qualifies for appointment of *pro bono* counsel); *Cal. Bd. Sports, Inc. v. Griffin*, No. 10-CV-1849, 2011 WL 671960, at *1 (S.D. Cal. Feb. 14, 2011) (*pro se* party could not move to appoint counsel on behalf of LLC nor could LLC be appointed counsel under § 1915); *Alli v. United States*, 93 Fed. Cl. 172, 182-83 (2010) (§ 1915 requires plaintiff to be indigent but corporation can neither be indigent nor be appointed counsel); *Redford v. Planchard*, No. 09-MI-0199, 2009 WL 3158175, at *5 (N.D. Ga. Sept. 25, 2009) (citing *U.S. v. Unimex, Inc.*, 991 F.2d 546, 550 (9th Cir. 1993)) (corporation has no right to appointed counsel).[4]

In other words, the Court cannot appoint counsel for Leber or the decedent's estate pursuant to § 1915(e)(1) without a showing of indigence, and the Court cannot appoint counsel for the estate pursuant to § 1915(e)(1) at all. The Court will deny Leber's motion to appoint counsel. And because the decedent's estate remains unrepresented by licensed counsel, Leber cannot assert its claims *pro se*, and they will be dismissed without prejudice.

---

[4] Nor, for that matter, does § 1915(e)(1) permit the Court to compel counsel to represent the plaintiffs unwillingly. *Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 309 (1989). The Court *might* have such authority inherently, *see id.* at 310, but the Court is not persuaded that it can or should draft an unwilling lawyer to serve a non-indigent party, even if the allegations made in this case could be said to warrant such a drastic action. *See* NEGenR 1.7(f); *Bothwell v. Republic Tobacco Co.*, 912 F. Supp. 1221, 1235-38 (D. Neb. 1995) (appointing unwilling counsel is inappropriate where failure to retain counsel resulted from unmarketability of claims); *cf. O'Connor v. Jones*, 946 F.2d 1395, 1397 n.2 (8th Cir. 1991); *cf. also Naranjo v. Thompson*, 809 F.3d 793, 802-04 (5th Cir. 2015) (federal courts have inherent power to take action "essential to the administration of justice . . . indispensable to reaching a disposition of the case" but such power "must be used with great restraint and caution").

IT IS ORDERED:

1. Leber's motion to appoint counsel (filing 12) is denied.

2. The Clerk of the Court is directed to terminate the motion event for filing 11 and amend the docket entry to reflect that it is the first amended complaint.

3. All of the plaintiffs' claims except Matthew Leber's claims for intentional and negligent infliction of emotional distress are dismissed without prejudice.

4. The Clerk of the Court is directed to amend the docket to indicate that the plaintiff in this case is "Matthew Leber, individually."

5. The Clerk of the Court is directed to revise the docket to indicate that the cause of action code is "28:1332pi (28:1332 Diversity-Personal Injury," the nature of suit for this case is "360: Other Personal Injury," and that it is a diversity jurisdiction case.

Dated this 21st day of July, 2025.

BY THE COURT:

John M. Gerrard
Senior United States District Judge