IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW F. LEBER, individually; | |
| Plaintiff, | 8:25CV401 |
| vs. | |
| BRYAN MEDICAL CENTER, et al. | ORDER |
| Defendants. | |

    This matter comes before the court on the Plaintiff's Motion for Extension of Time to Complete Service. (Filing No. 24). Plaintiff requests a ninety-day extension to complete service so he may obtain Letters of Administration in the Estate of Beth Ann Lee, the Plaintiff's mother. He claims that such letters are necessary to establish his legal capacity to proceed on the estate-based claims, which will resolve unnecessary procedural disputes regarding standing and capacity. For the following reasons, the motion is denied.

    Under Federal Rule of Civil Procedure 4(c)(1), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." Rule 4(m) provides in relevant part,

> (m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). Accordingly, if the Court finds good cause for the delay, the Court must extend time for service, thus ending the inquiry. *Adams v. Allied Signal Gen.*

*Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). "If plaintiff fails to show good cause, the court still *may* extend the time for service rather than dismiss the case without prejudice." *Id.* (emphasis in original).

"[G]ood cause is likely (but not always) to be found when [1] the plaintiff's failure to complete service in timely fashion is a result of the conduct of a third person, typically the process server, [2] the defendant has evaded service of the process or engaged in misleading conduct, [3] the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or [4] the plaintiff is proceeding *pro se* or *in forma pauperis*." *Kurka v. Iowa County, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1137, at 342 (3d ed. 2002)). Good cause requires at least "excusable neglect"—good faith and some reasonable basis for noncompliance with the rules. *Adams*, 74 F.3d at 887.

There are several issues at play here, all of which thwart Plaintiff's motion. First, Plaintiff has not yet attempted to serve any of the Defendants. The complaint was filed on June 17, 2025 (Filing No. 1) and Plaintiff was issued summons that same day. (Filing No. 7). He filed an amended complaint on July 17, 2025. (Filing No. 11). There is nothing in our record indicating that any summons was served on any party or that Plaintiff has made any attempts at service to date.

Plaintiff argues exclusively that an extension is necessary so that he can be named administrator of his mother's estate. But as the district court has already made clear to Plaintiff several times, he cannot represent his mother's estate *pro se*. (Filing No. 10). Even were he to be named administrator of the estate, this problem would not be resolved, as the estate must be represented by a lawyer. (Filing No. 10)(citing *Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 618 (Neb. 2017); *Jones ex rel. Jones v. Corr. Med. Servs., Inc.*, 401 F.3d 950, 951 (8th Cir. 2005)). Plaintiff seemingly understood this, as he then moved the court to appoint counsel to represent both him individually and his mother's estate. (Filing No. 12). That motion was denied and the court reiterated that any claims belonging to the

decedent's estate cannot be brought by Plaintiff acting *pro se*. (Filing No. 14). No counsel of record has yet entered an appearance.

At this point, all of Plaintiff's estate-based claims have been dismissed without prejudice. (Filing No. 14). Plaintiff's only remaining claims are those brought in his individual capacity for intentional and negligent infliction of emotional distress. (Filing No. 14). The court sees no reason why those claims are contingent on being named administrator of his mother's estate. Taken together with the fact that Plaintiff has not yet attempted service on any defendant, the court simply cannot find that Plaintiff has demonstrated excusable neglect or that good cause exists to grant the extension to complete service. The time to complete service has not yet run, and at this point, the court sees no reason why Plaintiff cannot complete service within the time required under Fed.R.Civ.P. 4(m).

Accordingly,

IT IS ORDERED that Plaintiff's Motion for Extension of Time to Complete Service (Filing No. 24) is denied without prejudice.

Dated this 13th day of August, 2025.

                BY THE COURT:

                s/ Ryan C. Carson
                United States Magistrate Judge