IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MATTHEW F. LEBER, individually; | |
| Plaintiff, | 8:25CV401 |
| vs. | |
| BRYAN MEDICAL CENTER, et al., | ORDER |
| Defendants. | |

This matter comes before the court on Plaintiff's Motion for Leave to File a Fourth Amended Complaint. (Filing No. 90). Plaintiff seeks to "consolidate and streamline multiple related causes of action into broader, more comprehensive counts" which he claims reduces the number of counts from eighteen to nine. (Filing No. 90). Defendants each filed an opposition to the motion, arguing that the amendments are futile. (Filing No. 91, Filing No. 92, Filing No. 95). For the following reasons, the motion is denied.[1]

### I.   BACKGROUND

Plaintiff filed this *pro se* action on June 17, 2025, originally on behalf of himself and Bruce Lee, for alleged violations during the care, treatment, and subsequent death of his mother Beth Ann Lee. (Filing No. 1). The court notified Plaintiff that he could not represent another Plaintiff or his mother's estate *pro se* and entered an order requiring Plaintiff to show cause why the wrongful death and survival claims should not be

---

[1] This pretrial motion was referred to the undersigned pursuant to 28 U.S.C. §636 (b)(1)(A). While this order addresses the issue of "futility," the undersigned makes no affirmative findings concerning the merits or dismissal of any particular claims, meaning an order is appropriate, as opposed to proposed findings and recommendations under §636(b)(1)(B).

1

dismissed. (Filing No. 10). Rather than responding to the show cause order, Plaintiff filed his First Amended Complaint. (Filing No. 11). Upon review of the First Amended Complaint, the court noted that omitting Bruce Lee as a plaintiff was helpful, but Plaintiff still failed to show cause why many of his claims should not be dismissed. The court then dismissed all of Plaintiff's claims without prejudice except for his claims for intentional and negligent infliction of emotional distress, which were brought on behalf of himself only. (Filing No. 14).

Prior to serving any defendants, the court granted Plaintiff leave to file a Second Amended Complaint alleging twelve counts for various torts and civil rights violations under 42 U.S.C. § 1983, which he claimed removed all estate-based claims and would streamline the pleadings. (Filing No. 29). After all defendants were served, but prior to filing any responsive pleadings, Plaintiff moved for leave to file a Third Amended Complaint, which was also granted. (Filing No. 45, Filing No. 47).

The Third Amended Complaint -- now the operative complaint in this matter -- contains eighteen causes of action, again asserting various torts and civil rights violations related to the care and treatment of Plaintiff's mother and her alleged wrongful death. (Filing No. 48). Defendants have now each moved to dismiss the Third Amended Complaint, arguing that many of the claims are time-barred, the wrongful death and survivorship claims on behalf of Ms. Lee's estate have been waived and/or are disguised as medical malpractice violations, and the remaining claims fail to plausibly plead claims upon which relief can be granted. (Filing No. 69, Filing No. 73, Filing No. 75). In response, Plaintiff now files this motion, claiming that his intention is to streamline the proceedings by consolidating the claims, correcting misnamed torts and removing non-verifiable authorities.

II.     **LEGAL STANDARD**

After a party amends its pleading once as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R.

Civ. P. 15(a)(2). Leave to amend "shall be freely given when justice so requires." *Id.* Although this is a liberal standard, parties do not have an absolute right to amend their pleadings at any time. *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). A timely motion to amend may be denied for "compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Streambend Props. II, LLC v. Ivy Tower Minneapolis*, LLC, 781 F.3d 1003, 1015 (8th Cir. 2015) (*quoting Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). Good cause exists to deny a motion to amend when the new complaint adds neither new parties nor new claims. *See Viehweg v. Mello*, 5 F. Supp. 2d 752, 756 (E.D. Mo. 1998), aff'd, 198 F.3d 252 (8th Cir. 1999). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *See Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008).

Plaintiffs are responsible for pleading their case adequately, without defendants' or the court's assistance. A court may deny a plaintiff leave to replead when the party "has been given ample opportunity to allege a claim." *Hubbard v. St. Louis Psychiatric Rehab. Ctr.*, 2013 WL 1351435, at *2 (E.D. Mo. Apr. 2, 2013) (*citing Siepel v. Bank of America*, N.A. 239 F.R.D. 558, 571 (E.D.Mo.2006)); *see also Confederate Mem'l. Ass'n ., Inc. v. Hines*, 995 F.2d 295, 300–01 (D.C.Cir.1993) (affirming district court's denial of request to amend where plaintiffs had "multiple bites at the apple" including restating what they had pled in a prior action).

A district court's denial of leave to amend a complaint may also be justified if the amendment would be futile. *Geier v. Missouri Ethics Com'n*, 715 F.3d 674, 678 (8th Cir. 2013). "[W]hen the court denies leave on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Munro v. Lucy Activewear, Inc.*, 899 F.3d 585, 589 (8th Cir. 2018) (alteration in original) (*quoting Cornelia I. Crowell GST Tr. v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)). To

3

determine if the proposed amendment would withstand such a motion to dismiss, the court must take "the factual allegations in the [amended] complaint as true and afford[ ] the non-moving party all reasonable inferences from those allegations." *Id.* (*quoting Butler v. Bank of Am., N.A.*, 690 F.3d 959, 961 (8th Cir. 2012)). The court must then decide if the amended pleading states "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (*quoting In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017)).

### III. ANALYSIS

Defendants collectively oppose the motion for the same overriding reason, that the amendment is futile. They have each moved to dismiss this case, and those motions are fully briefed and ripe for review. Defendants argue that the new complaint merely reorganizes the previously pled claims in an "effort to promote judicial economy," but do not address the many arguments raised in their motions to dismiss. (*See* Filing No. 91, Filing No. 92, Filing No. 95). Having carefully reviewed the proposed Fourth Amended Complaint, the court agrees that it would be futile to provide Plaintiff with another opportunity to plead his claims, as the new amendment does not clarify or even dismiss any previously pled claims.

Plaintiff's proposed Fourth Amended Complaint purportedly narrows down the claims from eighteen to nine. Upon review of the complaint however, it appears that Plaintiff maintains all of the same causes of action, but now categorizes them differently and puts them in a different order. He does not assert new facts or arguments that would help defeat the pending motions to dismiss or add new legal theories or claims. Plaintiff appears to acknowledge this as well. For instance, the Third Amended Complaint currently alleges the following four claims: Count I: Intentional Infliction of Emotional Distress; Count VI Aiding and Abetting Medical Battery; Count VII; Intentional Tort of Medical Battery; and Count VIII: Denial of Family Association/Right to Say Goodbye. (Filing No. 48). In the proposed Fourth Amended Complaint, these four claims are now encompassed

4

under Count I: Intentional Infliction of Emotion Distress. (*See* Filing No. 90-2, at paras. 125-146). Although Plaintiff claims these collectively are now just one cause of action, he still seeks separate relief, for example stating that his "aiding and abetting claim therefore stands as an independent basis of liability and is not pled as an alternative…" (Filing No. 90-2, at para. 134.) While it may appear Plaintiff has "narrowed down" his claims, in reality they remain independently pled claims requiring distinct elements.

However, this is not the bigger problem with the amendment. While the court appreciates that Plaintiff attempts to clean up the claims and correct previously unverified case citations and tort descriptions, he has not provided any new information addressing or disposing of the issues raised in the pending motions to dismiss. It is essentially the same complaint, only rearranged in a manner that makes tracking his claims even more difficult and potentially confusing. As one example, Defendants Bryan Medical Center and others have moved to dismiss Plaintiff's claim for Negligent Infliction of Emotional Distress ("NIED") from the Third Amended Complaint. Defendants argue in particular that Plaintiff has failed to state a plausible claim for relief because they owed no duty of care and they did not proximately cause any emotional anguish or medical harm that is medically diagnosable or severe. *See* Filing No. 70, at p. 31-32.[2] In response, rather than addressing any alleged deficiencies through his proposed amendment, Plaintiff asserts nearly identical emotional and medical damages, which Defendants no doubt will argue remains deficient. (Compare Filing No. 48, at paras. 109-113 with Filing No. 90-2, at para. 153).

While the court will not address the merits of the pending motions to dismiss as those matters have not been referred to the undersigned, it does seem clear that this is just one example of many in which Plaintiff pleads the same or similar factual allegations to support his claims, which do little to address the concerns raised in the pending motions.

---

[2] Every Defendant raised this or a substantially similar argument in their respective motion to dismiss. The parties also seek dismissal under Rule 8 for failure to set forth a short and plain statement of the claims asserted because Plaintiff asserts multiple claims against multiple defendants without specifying which defendants are responsible for which action. The court has not ignored those arguments, but because those issues are fully briefed in the motions to dismiss and the undersigned denies this motion on other grounds, they will not be addressed here.

Plaintiff does not add new theories, nor does he really remove any old ones. *See Viehweg, 5 F. Supp. 2d at 756* (denying motion for leave to amend in part because "the second amended complaint adds neither new parties nor new claims. Thus, denial of leave to amend would not cause him to forfeit any claim"). In *Hubbard,* 2013 WL 1351435, the court denied leave to file a fourth amended complaint, not just because plaintiff had previously amended, but because "it would be futile to provide [the plaintiff] another attempt to plead his claim" and to prevent further delay in deciding the pending motion to dismiss. *Id.* at *3. The court finds the same is true here.

There is no prejudice to Plaintiff because he has had several opportunities to fully plead his claims, and his proposed amendments do not materially change them. Although Plaintiff brands the new proposed complaint as "streamlining" the proceedings, the changes again just further confuse things. An additional example concerns Plaintiff's attempt in his proposed amendments to now group his previously pled 42 U.S.C. § 1983 claims together. (*See* Filing No. 90-2, paras. 201-237) (wherein Plaintiff still alleges, separately, retaliation, denial of family association, denial of access to the courts, and civil conspiracy). It is now unclear whether Plaintiff intends to prove those four claims separately as he points out in the pleading itself,[3] or if he is only trying to plead one violation of § 1983 as he argues in this motion. But what is clear is Plaintiff does not plead additional facts to cure any deficiencies as alleged by Defendants. Because the new complaint contains the same claims in a reorganized manner, with the same supporting facts, the court finds that allowing the Plaintiff to amend again would be futile. *See Bell v. Gross*, 2021 WL 3089253, at *1 (D.S.D. July 21, 2021) (denying motion for leave to amend because the "amended complaint reiterate[s] the same allegations in [the] original complaint"). The Third Amended Complaint will remain the operative complaint in this matter and the pending motions to dismiss will be ruled on in due course.

---

[3] See for example, Filing No. 90-2, at para. 216: "Under 42 U.S.C. § 1983, such intentional interference with access to courts constitutes an independent constitutional violation. The obstruction of lawful process, concealment of material facts, and deprivation of proxy access together meet that standard."

7

For those reasons, IT IS ORDERED that Plaintiff's Motion for Leave to File a Fourth Amended Complaint (Filing No. 90) is denied.

Dated this 10th day of December, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge
