IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MATTHEW F. LEBER,

    Plaintiff,

v.

BRYAN MEDICAL CENTER, BRYAN HEALTH, INPATIENT PHYSICIAN ASSOCIATES, GASTROENTEROLOGY SPECIALTIES, JOHN TRAPP, Dr., individually and in his official capacity, R JAMES SORRELL, Dr., individually and in his official capacity, QUINN WILLET, Dr., individually and in his official capacity, BARRY RUTT, Physical Therapist, individually and in his official capacity, JOHN WOODRICH, Chief Executive Officer of Bryan Medical Center, individually and in his official capacity, ERIC MOOSS, Chief Executive Officer of Bryan Medical Center, individually and in his official capacity, BOARDS OF DIRECTORS OF BRYAN MEDICAL CENTER AND BRYAN HEALTH, in their official capacities, and UNKNOWN JOHN AND JANE DOES,

    Defendants.

8:25CV401

ORDER

    *Pro se* plaintiff Matthew F. Leber ("Leber") moved the Court to enter a partial final judgment in this case under Federal Rule of Civil Procedure 54(b) (Filing No. 17). The Court denied that motion (Filing No. 32). This matter is now before the Court on Leber's motion for reconsideration (Filing No. 68).

    In the motion to reconsider, Leber raises the same arguments the Court rejected in his motion for partial final judgment. In "support" of his arguments, Leber repeatedly cites

to a case which appears to be a hallucination of artificial intelligence, despite Leber's certification that he has "reviewed and verified the accuracy of all content, citations, and legal authority referenced" in his filing (Filing No. 68-1).[1] The Court had previously warned Leber about this in its previous order. And Leber's *pro se* status does not excuse him from "comply[ing] with court rules and directives." *See Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005). Leber is again instructed to verify the accuracy of all content, citations, and legal authority in his filings. *See* Fed. R. Civ. P. 11(b); NECivR 7.1(d)(5) (providing that "[a]ny brief not in compliance with this subsection may be stricken"—without further notice—"in the sole discretion of the court" and that a "material misrepresentation in the certificate of compliance" may also result in "sanctions against the person signing the document").

In any event, Plaintiff Matthew F. Leber's motion for reconsideration (Filing No. 68) is denied for the reasons stated in the Court's prior order (Filing No. 32).

IT IS SO ORDERED.

Dated this 23rd day of December 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge

---

[1] Leber repeatedly cites to *Kelly v. St. Francis Medical Center*, 899 N.W.2d 869 (Neb. 2017), but "899 N.W.2d 869" is a decision from the Minnesota Court of Appeals. *See St. Jude Med., Inc. v. Carter*, 899 N.W.2d 869 (Minn. Ct. App. 2017), *rev'd*, 913 N.W.2d 678 (Minn. 2018).