IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MATTHEW F. LEBER, | | |
| Plaintiff, | | **8:25CV401** |
| v. | | |
| BRYAN MEDICAL CENTER, BRYAN HEALTH, INPATIENT PHYSICIAN ASSOCIATES, GASTROENTEROLOGY SPECIALTIES, JOHN TRAPP, R JAMES SORRELL, QUINN WILLET, BARRY RUTT, JOHN WOODRICH, ERIC MOOSS, and UNKNOWN JOHN AND JANE DOES, | | **ORDER** |
| Defendants. | | |

On May 11, 2026, the Court granted defendants Bryan Medical Center, Bryan Health, Inpatient Physician Associates, Gastroenterology Specialties, Dr. John Trapp, Dr. R. James Sorrell, Dr. Quinn Willet, Barry Rutt, John Woodrich, and Eric Mooss's (the "defendants") motions to dismiss (Filing Nos. 69, 73, 75). Now before the Court is plaintiff Matthew F. Leber's ("Leber") motion (Filing No. 113) asking the Court to alter or amend that judgment (Filing No. 108) and the underlying Memorandum and Order (Filing No. 107). *See* Fed. R. Civ. P. 59(e). The motion will be denied.

Rule 59 motions are disfavored and "serve the limited function of correcting manifest errors of law or fact or [presenting] newly discovered evidence." *Tukaye v. Troup*, 157 F.4th 958, 962 (8th Cir. 2025) (quoting *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018)). They "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Cont'l Indem. Co. v. IPFS of N.Y., LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (quoting *Ryan*, 889 F.3d at 507)). The instant motion attempts to relitigate the same issues addressed in the Court's memorandum and order dismissing Leber's claims (Filing No. 107).

What's more, before Leber filed the Rule 59 motion, he appealed the judgment to the United States Court of Appeals for the Eighth Circuit (Filing No. 109). That appeal stripped this Court of jurisdiction. Under 28 U.S.C. § 1291, the courts of appeal "have jurisdiction of appeals from all final decisions of the district courts of the United States." Consequently, "[o]nce a notice of appeal is filed, the district court is divested of jurisdiction over matters on appeal," and it "may not reexamine or supplement the order being appealed." *State ex rel. Nixon v. Coeur D'Alene Tribe*, 164 F.3d 1102, 1106 (8th Cir. 1999). Because Leber filed a notice of appeal before filing his motion to alter or amend, this Court lacks jurisdiction to adjudicate the pending Rule 59 motion, which concerns the issues currently on appeal. *See id.*

Because this Court lacks jurisdiction, plaintiff Matthew F. Leber's motion (Filing No. 113) asking the Court to alter or amend its prior judgment and the underlying Memorandum and Order is denied.

IT IS SO ORDERED

Dated this 16th day of July 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

2